Andre KIMBOKO; Priscilla
J. Kimboko, Plaintiffs–
Appellants,

v.

UNITED STATES of America, on Be-
half of its Agent, the INTERNAL
REVENUE SERVICE, Defendant–Ap-
pellee.

Nos. 03–1145 thru 03–1148,
03–1150 thru, 03–1152.

United States Court of Appeals,
Tenth Circuit.

Feb. 5, 2004.

Andre Kimboko, Walker, MI, Pro se.

Priscilla J. Kimboko, Walker, MI, Pro
se.

Teresa E. McLaughlin, Paula K. Speck,
Eileen J. O'Connor, Asst. Atty. General,
Philip E. Blondin, Rickey Watson, Wash-
ington, DC, for Defendant–Appellee.

Before BRISCOE and McKAY, Circuit
Judges, and BRORBY, Senior Circuit
Judge.

ORDER AND JUDGMENT*

BRISCOE, Circuit Judge.

After examining the briefs and appellate
records, this panel has determined unani-
mously to grant the parties' request for a
decision on the briefs without oral argu-
ment. See Fed. R.App. P. 34(f); 10th Cir.
R. 34.1(G). The case is therefore ordered
submitted without oral argument.

Appellants Andre and Priscilla Kimboko
appeal from the district court's dismissal
of their seven complaints seeking refunds
of previously paid tax penalties under 26
U.S.C. § 7422.[1] The penalties were as-
sessed because of late payment of employ-
ment tax liabilities. Each complaint relat-
ed to a separate quarter, specifically, the
fourth quarter of 1987, the last two quar-
ters of 1988, and all four quarters of 1989.
The district court determined that the
complaints should be dismissed for lack of
subject matter jurisdiction under Fed.
R.Civ.P. 12(b)(1) because Appellants failed
to timely file administrative claims for re-
funds. We review the dismissal of Appel-
lants' complaints de novo, applying the
same standard as the district court. See
U.S. West, Inc. v. Tristani, 182 F.3d 1202,
1206 (10th Cir.1999).

Appellants raise the following issues: 1)
whether a remand order tolls the statute
of limitations under certain conditions; 2)
whether a court is required to comply with
Rule 52(a) in a trial without a jury;[2] and 3)
whether venue is proper in the District of
Colorado.[3]

---

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.
The court generally disfavors the citation of
orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

1. Appellants' complaints also contained
claims for civil damages under 26 U.S.C.
§ 7433(b). The district court dismissed these
claims for failure to state a claim upon which
relief can be granted. Appellants did not raise
any issue with respect to these dismissals in
their opening brief. See Aplts' Br. at 10, 13,

and 14. Failure to raise an issue in the
opening appellate brief waives that issue.
State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d
979, 984 n. 7 (10th Cir.1994).

2. This issue was not raised below so it will
not be considered by this court. See Walker v.
Mather (In re Walker), 959 F.2d 894, 896 (10th
Cir.1992).

3. This issue is moot because we agree with
the district court that these complaints should
be dismissed for lack of subject matter juris-
diction.

After careful review of the record on appeal and the applicable legal standards, we conclude that the district court correctly decided this case. Therefore, we AFFIRM the district court's judgment for the reasons stated in its Order filed March 26, 2003.